UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ST. LOUIS HEART CENTER, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:12cv2151 TCM |
| ) | |
| CAREMARK, L.L.C., ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on the contested motion of Caremark, L.L.C., (Caremark) to stay. For the reasons set forth below, the motion will be granted.

This is an action alleging that a facsimile (fax) from Caremark was unsolicited by St. Louis Heart Center, Inc. (Plaintiff), was an advertisement, and did not include the opt-out notice required by 47 C.F.R. § 64.1200(a)(3), all in violation of the Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227. Allegations in the amended complaint include that Caremark "failed to correctly determine the legal restrictions on the use of facsimile transmissions and the application of those restrictions to the transmission of facsimile advertisements." (Am. Compl. ¶ 29, ECF No. 71.) Plaintiff further alleges that a class action is merited because, in part, there is a common question of whether Caremark "engaged in a pattern of sending unsolicited fax advertisements." (Id. ¶ 35(b)(I)) Plaintiff requests, inter alia, an award of treble damages on the grounds that Caremark's violation was knowing. (Id. ¶ 41.)

In a separate motion, Plaintiff seeks certification of a class defined as "'All persons sent one or more telephone facsimile messages in March 2011 "introducing a new program, Pharmacy Advisor.'" (Pl. Mot. at 1, ECF No. 81.) He alleges this proposed class satisfies the numerosity requirement of Fed.R.Civ.P. 23(a) because the fax at issue was sent "to thousands of persons." (Id.) In his supporting memorandum, he further alleges that "[i]t is undisputed that [Caremark] did not obtain prior express invitation of permission to send fax advertisements to the class" and its notice did not contain the required opt-out notice. (Pl. Mem. at 2, ECF No. 82.)

Caremark seeks a stay pending resolution by the Federal Communications Commission (FCC) of its petition requesting a retroactive waiver of the requirement of an opt-out notice in faxes sent with consent. Plaintiff opposes a stay, arguing that the possibility of Caremark being granted a waiver is irrelevant because there is no question of his or any other class member's consent to the fax and Caremark's request for an indefinite stay will prejudice the class and unnecessarily and unfairly delay adjudication of the case.

The Court disagrees that the disposition of Caremark's waiver petition is irrelevant. Plaintiff seeks certification of a class of anyone who received a fax from Caremark in March 2011 about its Pharmacy Advisor program. The question of consent is relevant to the definition of such a class. And, the disposition of the waiver petition may be relevant to Plaintiff's claim for treble damages.

Similar arguments on the issue of prejudice were advanced in **Beck Simmons, LLC v. Francotyp-Postalia, Inc.**, No. 4:14cv1161 HEA (E.D. Mo. Feb. 17, 2015); **St. Louis**

**Heart Center v. Gilead Palo Alto, Inc.**, 4:13cv0958 JAR (E.D. Mo. Sept. 27, 2013); **St. Louis Heart Center v. The Forest Pharm. Inc.**, 4:12cv2224 JCH (E.D. Mo. July 17, 2013); and **Nack v. Walburg**, No. 4:10cv0478 AGF (Sept. 12, 2013), in opposition to motions to stay class actions brought under the TCPA while retroactive waiver petitions were pending before the FCC and were rejected.[1]

In **Beck Simmons**, the court was unpersuaded that a stay would unduly prejudice the plaintiffs and granted the stay "in the interests of reaching consistent results in similar TCPA cases." No. 4:14cv1161 at 3. Accord **Gilead Palo Alto, Inc.**, 4:13cv0958 at 2-3. In the instant case, the Court is also unconvinced that a stay would prejudice Plaintiff and the purported class. At issue are faxes sent nationwide by Caremark in March 2011. As noted by Plaintiff in his amended complaint, statutory damages are available for violations of the TCPA. Those damages will remain available if Plaintiff prevails after the stay is lifted, and there is no allegation that Plaintiff or any potential class member will take any action or refrain from taking any action in the interim.

Accordingly,

**IT IS HEREBY ORDERED** the motion of Caremark, L.L.C., to stay is **GRANTED**. [Doc. 100]

**IT IS FURTHER ORDERED** that this case is STAYED until final rulings are issued by the FCC on the petition of Caremark, L.L.C., requesting a retroactive waiver of the FCC's opt-out notice regulations and on any appeals filed in connection with the FCC's rulings.

---

[1] Indeed, the plaintiff in those cases was represented by at least one of the same attorneys representing Plaintiff.

**IT IS FURTHER ORDERED** that every ninety (90) days beginning **October 1, 2015**, Caremark, L.L.C., shall advise the Court of the status of the proceedings before the FCC and any appeal filed in connection thereto.

**IT IS FINALLY ORDERED** that the Clerk of Court shall administratively close this matter.

/s/Thomas C. Mummert, III
THOMAS C. MUMMERT, III
UNITED STATES MAGISTRATE JUDGE

Dated this  9th  day of June, 2015.